## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CECILIA SOGBUYI-WHITNEY and ALIZA WHITESIDE, individually and on behalf of all other similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>CAREMARK PHC LLC, CVS HEALTH SOLUTIONS LLC, and CORAM ALTERNATE SITE SERVICES INC.,<br><br>   Defendants. | Case No. 1:23-cv-00055-MSM-LDA |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**I.**  **INTRODUCTION**

In their Complaint, Plaintiffs Cecilia Sogbuyi-Whitney and Aliza Whiteside, former Epic Quality Assurance Consultants ("QA Consultants") for Gardner Resources Consulting, assert individual and class action claims against Defendants Caremark PhC L.L.C., CVS Health Solutions LLC, and Coram Alternate Site Services, Inc. for alleged violations of Title VII of the Civil Rights Act of 1964.

Plaintiffs' claims, however, fail for at least three reasons. *First*, Plaintiffs' Complaint is a shotgun pleading that impermissibly lumps together all Defendants without differentiation, and thus violates Federal Rule of Civil Procedure 8(a). *Second*, Plaintiffs failed to properly exhaust several of their now-pled claims. *Finally*, Plaintiffs' class allegations must be dismissed because Plaintiffs' allegations not only fail to permit a plausible, non-speculative inference that Rule 23's numerosity requirement may be satisfied, but in critical respects preclude such an inference.

For each of the foregoing reasons, which will be discussed in greater detail below, Plaintiffs' Complaint must be dismissed as a shotgun pleading under Fed. R. Civ. P. 8(a). In the

alternative, Plaintiffs' Title VII claims and class allegations must be dismissed under Rule 12(b)(6).

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In meeting this standard, a plaintiff may not rely on "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 545. This plausibility mandate entails "more than labels and conclusions, and a formulaic recitation of the elements will not do." *Id.*

Presenting a shotgun pleading is also grounds for dismissal under Rule 12(b)(6). *See, e.g.*, *Saad Maura v. ScotiaBank P.R.*, No. 17-2263 (DRD), 2019 WL 13205043, at *17 (D.P.R. Sept. 30, 2019) (holding a shotgun pleading "breaches the pleading standards set forth in *Twombly* as to Rule 12(b)(6) and Rule 8"); *Rodriguez-Santiago v. Puerto Rico*, No. 09-1645CCC, 2011 WL 6046606, at *2 (D.P.R. Nov. 30, 2011) (dismissing a shotgun pleading under Rule 12(b)(6) for "fail[ure] to comply with the *Iqbal*/*Twombly* requirements").

## III.    ARGUMENT

### A.    Plaintiffs' Complaint Must Be Dismissed Because It Is a Shotgun Pleading.

As an initial matter, Plaintiffs' Complaint is due to be dismissed,[1] in its entirety,  because

---

[1] To the extent the Court is disinclined to address the shotgun-pleading argument under Rule 12(b)(6), Defendants respectfully submit that Plaintiffs should alternatively be required to plead a more definite statement under Rule 12(e).

it is an impermissible shotgun pleading. As courts in this Circuit have recognized in adopting a shotgun-pleading prohibition, "[t]o provide the notice required under Rule 8(a), a plaintiff cannot 'lump' defendants together when it cannot be reasonably inferred that all of the defendants were involved in the alleged misconduct, or it is otherwise not clear to which defendant or defendants the plaintiff is referring." *Sires v. Hefferman*, No. 10-11993-MLW, 2011 WL 2516093, at *5 (D. Mass. June 21, 2011); *accord Bagheri v. Galligan*, 160 F. App'x 4, 5 (1st Cir. 2005) (upholding the district court's dismissal of the action where the original complaint did not "state clearly which defendant or defendants committed each of the alleged wrongful acts"). If the allegations are not sufficiently clear as to which defendant specifically has done what, a plaintiff has failed to properly plead her claim under Rule 8(a). *See, e.g.*, *Saad Maura*, 2019 WL 13205043, at *17 (holding that "treating disparate parties identically without explanation . . . deprives each individual party of a fair and meaningful opportunity to defend itself" and thus "breaches the pleading standards set forth in *Twombly*").

Here, Plaintiffs improperly lump all Defendants together as "CVS" or "the CVS Defendants" throughout the Complaint. Indeed, apart from three paragraphs identifying the principal places of business, state of incorporation as applicable, and registered agent (Dkt. 1 ¶¶ 10–12), there is no differentiation at all between Defendants in any of the remaining allegations of the Complaint, even when doing so makes little sense as a practical matter. For example, among other things, Plaintiffs claim that they "interviewed for the job with Revathi Murthy *from CVS*" (*id.* ¶ 18); were "directed by *CVS* employees" (*id.* ¶ 19); reported to "*CVS* employees Murthy and Joni Manohar" (*id.* ¶ 21); and were "issued *CVS* email addresses," used "*CVS's* internal systems," and had their hours "approved by . . . *CVS*" (*id.* ¶ 19). But the Complaint provides no explanation as to how all three defendants could have contributed to each of these acts—for example, how

three separate entities could have been the direct employer of Murthy and Manohar at the same time. The shotgun-pleading rule exists precisely to prevent such obfuscation.

In short, Plaintiffs' Complaint conceals which Defendant allegedly performed each specific act, and thus how they could plausibly each be held liable based on their own conduct. Instead, Plaintiffs' pleading gambit is little more than "calculated [effort] to confuse the 'enemy'[] and the court, so that theories for relief . . . can be masked," while "fail[ing] to provide the defendants with sufficient notice as to the claims against them." *Gonzalez-Camacho v. Banco Popular de P.R.*, 318 F. Supp. 3d 461, 475 (D.P.R. 2018). It is thus a "classic example of 'shotgun pleading'" that cannot continue in its current form. *Rodriguez-Santiago*, 2011 WL 6046606, at *2.

    **B.**    **Plaintiffs' Claims Should Be Dismissed, in Part, Based on Their Failure to Properly Exhaust Administrative Remedies.**

Even were the shotgun pleading issue ignored (and it should not be), the Title VII claims must be dismissed, in part, on exhaustion grounds. Here, although both Whiteside and Sogbuyi-Whitney filed their EEOC Charges on November 2, 2022 (Whiteside Charge, attached hereto as Exhibit A; Sogbuyi-Whitney Charge, attached hereto as Exhibit B[2]), they purport to bring class claims dating back to July 2019. (Dkt. 1 ¶¶ 37, 38(a), 38(c).)

However, proper administrative exhaustion is a prerequisite to a Title VII claim. *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005) ("[I]n a Title VII case, a plaintiff's unexcused failure

---

[2] While documents outside of the pleadings usually may not be considered at the motion to dismiss stage, the Court may consider Plaintiff Whiteside's and Plaintiff Sogbuyi-Whitney's administrative charges. *See, e.g.*, *Drake v. New Boston*, No. 16-CV-470-SM, 2017 WL 2455045, at *8 (D.N.H. June 6, 2017) ("While a court deciding a Rule 12(b)(6) motion is normally constrained to consider only the plaintiff's complaint, a court may nonetheless take into account a document whose contents are linked to the complaint and whose authenticity is not challenged, such as a charge of discrimination filed with the Commission, without converting the motion into a summary judgment request."); *Cintron-Garcia v. Supermercados Econo, Inc.*, 818 F. Supp. 2d 500, 506 (D.P.R. 2011) (collecting cases for the proposition that an EEOC charge may be considered at the motion to dismiss stage).

to exhaust administrative remedies effectively bars the courthouse door."). In South Carolina (for Whiteside) and Texas (for Sogbuyi-Whitney), that required them to file charges of discrimination concerning their instant claims with the EEOC within 300 days of the alleged unlawful employment practices. *See, e.g.*, *Nelson v. Lockheed Missiles & Space Co.*, 131 F.3d 135, 135 (4th Cir. 1997) ("Normally, a plaintiff has only 180 days from the alleged discriminatory action to file a charge. However, in a deferral state, such as South Carolina, that time is extended to 300 days."); *Edwards v. Mesquite Indep. Sch. Dist.*, No. 20-10158, 2021 WL 3716637, at *1 (5th Cir. Aug. 20, 2021) ("In Texas, a plaintiff has up to 300 days after the alleged discriminatory employment practice to file a charge with the EEOC.").

In light of the November 2, 2022 filing of their EEOC charges, Plaintiffs' claims—and the claims of any putative class members—can only extend back *at most* to January 6, 2022.[3] Thus, to the extent any claims in this action pre-date January 6, 2022, they must be dismissed. *See, e.g.*, *Boyd v. Choicepoint Inc.*, No. CIV A 1:08CV1118TWT, 2008 WL 5076234, at *3 (N.D. Ga. Nov. 25, 2008) ("The record demonstrates that Plaintiff filed his charge one day after the limitations period had expired, and as such, Plaintiff's EEOC charge was untimely."); *accord Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 817–18 (E.D. Va. 2003) ("As the plaintiff has offered no reason for tolling the limitations period, any claims premised on [a charge filed on the 301st day] are untimely.").

### C. Plaintiffs' Class Allegations Should Be Dismissed Because They Fail to Permit a Plausible Inference that Rule 23's Numerosity Requirement Is Satisfied.

Finally, Plaintiffs' class allegations must be dismissed because they also fail to plead facts

---

[3] To be clear, Defendants do not admit that the claims of all absent putative class members date back to January 6, 2022. For example, any individual in a non-deferral state (unlike South Carolina and Texas) would have been required to bring a charge within 180 days of any allegedly unlawful employment practice.

supporting a plausible inference that Rule 23(a)(1)'s numerosity requirement is satisfied. "To avoid dismissal of the putative class claim on a Rule (b)(6) motion, Plaintiff[s'] allegations must address the four prerequisites for a class action specified in Rule 23(a)." *Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61, 66 (N.D.N.Y. 2008). "[A] conclusory allegation that '[t]he members of the class are so numerous that joinder of all the individual members is impracticable'" does not suffice. *Walker v. Apex Wind Const. LLC*, No. CIV-14-914-D, 2015 WL 348778, at *6 (W.D. Okla. Jan. 26, 2015) Similarly, where the factual allegations made are not sufficient to indicate numerosity, dismissal is appropriate. *See, e.g.*, *Roberson v. Danny Ontiveros Trucking*, No. CV-F-08-0552 LJO SMS, 2008 WL 4809960, at * (E.D. Cal. Nov. 3, 2008) (dismissing class allegations under 12(b)(6) on numerosity grounds when the "total number of potential class members [was] 12").

Here, Plaintiffs' pursue class claims based on only two specified, allegedly adverse actions: (1) "exclu[sion] from . . . meetings" (Dkt. 1 ¶ 29) and (2) not being hired by Defendants after their work through Gardner ended (*id.* ¶¶ 14–15, 31–35.). In that regard, Plaintiffs presented only the following allegations arguably bearing on numerosity:

- "The class is so numerous that joining all members is impracticable." (*Id.* ¶ 38(a).)

- "The exact number of members of the class is unknown, but at least 36 individuals worked as QA Consultants for CVS from July 2019 to the present. As a result, joinder of all these individuals is impracticable." (*Id.*)

- "At least twelve (12) other QA consultants in addition to Sogbuyi-Whitney and Whiteside were laid off between late May and early June 2022. The majority of the fourteen (14) QA consultants who were laid off were Black, and none were of Indian national origin or South Asian descent. Furthermore, roughly ten (10) of the fourteen (14) QA consultants who were laid off were women." (*Id.* ¶¶ 32–34.)

But precisely none of the above amount to properly pled facts that amount to factual allegations permitting a plausible inference of numerosity.

As an initial matter, Plaintiffs' generic assertion that "[t]he class is so numerous that joining all members is impracticable" is precisely the type of conclusory allegation that courts have found inadequate for class claims to survive a motion dismiss. *See, e.g.*, *Walker*, 2015 WL 348778, at *6 (granting a 12(b)(6) motion where the plaintiff "ma[de] only a conclusory allegation that '[t]he members of the class are so numerous that joinder of all the individual members is impracticable'"). Indeed, it is little more than a "'formulaic recitation[]' of [a] Rule 23(a)[] requirement[, which] does not suffice" under *Twombly*. *Id.* (quoting 550 U.S. at 555). Thus, that allegation is entitled to no weight in the Court's analysis. The remaining (self-defeating) allegations bearing on terminations and meetings will be addressed, in turn, below.

1.   *Plaintiffs' Allegations Preclude Any Inference of Numerosity with Respect to Their Termination-Based Claims.*

With respect to their termination claims, Plaintiffs have failed to plead any facts supporting an inference of numerosity, and their allegations—if anything—only support the conclusion that numerosity does not exist. Indeed, critical here, Plaintiffs acknowledge that (1) 14 individuals were "laid off"; (2) that only an unspecified "majority" were black (like Plaintiffs); and (3) only 10 of the 14 were women. (Dkt. 1 ¶¶ 32–34.)

While it is true that that "courts have declined to draw bright lines" on the threshold needed for numerosity, it is equally "well settled that twenty is simply not enough." *McKnight v. Honeywell Safety Prod. USA, Inc.*, No. CV 16-132ML, 2016 WL 8310381, at *2 (D.R.I. Nov. 9, 2016), *R&R adopted by*, 2017 WL 721988 (D.R.I. Feb. 23, 2017); *accord Savage v. Springfield*, No. 3:18-CV-30164-KAR, 2022 WL 2758475, at *9 (D. Mass. July 14, 2022) (holding that a "figure of thirty-two" was insufficient). Here, Plaintiffs termination-related figures are all well below twenty individuals for every protected trait at issue (indeed, only 14 individuals *total* were

"laid off"), and Plaintiff has pled no other facts suggestive of numerosity for termination-related class claims. Thus, Plaintiffs have failed to plead any plausible class claim on this ground.

> ### 2. *Plaintiffs' Allegations Preclude Any Inference of Numerosity with Respect to Their Meeting-Based Claims.*

Much like Plaintiffs' allegations fail to permit any inference of numerosity for their termination-based claims, they fall short with respect to the meeting-based class claims. As an initial matter, Plaintiffs admit that the "exact number of members of the class is unknown. " (*Id.* ¶ 38(a).) And that admission alone precludes them from suggesting that they have presented non-conclusory facts permitting the conclusion that joinder of all *actual* class members is impractical.

Plaintiffs attempt to side-step that shortcoming by stating that "at least 36 individuals worked as QA Consultants for CVS from July 2019 to the present." (Dkt. 1 ¶ 38(a).) But the number of "QA Consultants" says nothing about the number of putative class members. Indeed, the central conceit of Plaintiffs' Complaint is that the putative class members were treated differently than *other* Indian/South Asian QA Consultants.[4] And Plaintiffs admit that "approximately half" of the QA Consultants "were of Indian national origin descent." (Dkt. 1 ¶ 27.) Thus, the Complaint admits that the putative meeting-related class (as defined) is only approximately 18 individuals, which again falls well short of permitting an inference of numerosity. *McKnight*, 2016 WL 8310381, at *2 (holding that 20 individuals is "simply not enough").That inadequacy is apparent even before accounting for the fact that a time period extending back to July 2019 would encompass timeframes (and potentially individuals) that were not administratively exhausted. (*See supra* Part III.B; *see also Savage*, 2022 WL 2758475, at *9 (noting that plaintiffs could not rely on a figure to support numerosity when they "have not shown

---

[4] Plaintiffs do not claim that women were excluded from the meetings, but even if they had, they presented no allegations suggestive of numerosity on that ground.

that the class they propose excludes individuals who would not be entitled to the relief sought in this suit").

Because Plaintiffs do not plead facts supporting numerosity—and, indeed, only plead facts undercutting it—the meetings-based class claims must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint.

Respectfully submitted this 17th day of April, 2023.


Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Sara Sweeney*
　　Sara E. Sweeney
　　SEYFARTH SHAW LLP
　　1075 Peachtree St. NE, Suite 2500
　　Atlanta, Georgia 30309-3958
　　Telephone: (404) 885-1500
　　Facsimile: (404) 892-7056
　　ssweeney@seyfarth.com

　　*Attorney for Defendants Caremark PhC,*
　　*L.L.C., CVS Health Solutions LLC, and*
　　*Coram Alternate Site Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of DEFENDANT'S MOTION TO DISMISS

PLAINTIFFS' COMPLAINT was electronically filed with this Court via CM/ECF on the April

17, 2023, which serves a copy of the same on all counsel of record.


*/s/ Sara Sweeney*
Sara Sweeney