IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CECILIA SOGBUYI-WHITNEY and ALIZA WHITESIDE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CAREMARK PHC LLC, CVS HEALTH SOLUTIONS LLC, and CORAM ALTERNATE SITE SERVICES INC., <br><br> Defendants. | Case No. 1:23-cv-00055-MSM-LDA |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

I.    **INTRODUCTION**

Plaintiffs Cecilia Sogbuyi-Whitney and Aliza Whitside, on behalf of themselves and all others similarly situated, respectfully submit this opposition to the Motion to Dismiss submitted by Defendants Caremark PhC L.L.C., CVS Health Solutions LLC, and Coram Alternative Site Services, Inc. (collectively, "CVS"). Defendants' motion should be denied in its entirety because, at this early stage, Plaintiffs have alleged more than enough facts to state a plausible claim for relief against CVS, whether on an individual or class basis, and because, as set forth further below, each of Defendants' arguments for dismissal fail.

First, Plaintiffs' Complaint is not an impermissible shotgun pleading as federal courts both within and outside the First Circuit have defined that term, and it gives both the Court and Defendants (all of whom are CVS entities) adequate and specific notice of the limited allegations pled against them. Further, even if this Court were to find that Plaintiffs' Complaint is a shotgun pleading, that issue is appropriately addressed through a motion for a more definite statement

1

under Rule 12(e), not a motion to dismiss under Rule 12(b)(6). Second, there is no question that Plaintiffs have properly exhausted their administrative remedies with respect to any allegations reaching back to January 6, 2022, and discriminatory conduct occurring prior to that date may be properly challenged under the continuing action doctrine. Third, Defendants' argument that the Court should dismiss (or, effectively, strike) Plaintiffs' class allegations at the pleading stage before discovery has even begun is premature and should be rejected. The Court should await the development of a factual record before determining whether the case can move forward on a representative basis as nearly every other court does.

For all of the aforementioned reasons, the Court should deny Defendants' Motion to Dismiss Plaintiffs' Complaint.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet that standard, a plaintiff "need not demonstrate that she is likely to prevail." García-Catalán v. United States, 734 F.3d 100, 102 (1st Cir. 2013). "Rather, the complaint need include only enough factual detail to make the asserted claim 'plausible on its face.'" Cardigan Mountain School v. New Hampshire Ins. Co., 787 F.2d 82, 84 (1st Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In deciding a motion to dismiss, courts "accept[] all reasonable inferences in favor of the plaintiffs." Joyce v. Upper Crust, LLC, 2012 WL 3028459 (D. Mass. July 25, 2012) (quoting Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) and citing Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)). The determination of whether a complaint states a plausible entitlement to relief is a "highly contextual enterprise – dependent on the particular claims asserted, their elements, and the

overall factual picture alleged in the complaint." Chao v. Ballista, 630 F. Supp. 2d 170, 177 (D. Mass. 2009) (citing Iqbal, 556 U.S. at 662). A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," and a plaintiff need only demonstrate that the complaint contains more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Joyce, 2012 WL 3028459 at *1 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)). Importantly, courts in this Circuit have observed that:

> [C]onsidering a motion to dismiss "is neither the time nor the place to resolve the factual disputes between the parties. Whether [the plaintiff] can prove what he has alleged is not the issue. At this stage of the proceeding we must take the complaint's factual allegations as true," as long as they paint "a plausible picture."

Joyce, 2012 WL 3028459 at *1 (quoting Haley v. City of Boston, 657 F.3d 39, 52 (1st Cir. 2011)).

### III.  ARGUMENT

#### a. Plaintiffs' Complaint Is Not a Shotgun Pleading, But At Any Rate Should Not Be Dismissed On Those Grounds

A "shotgun pleading" is "a pleading that fails to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading." U.S. ex rel. Estate of Cunningham v. Millennium Laboratories of California, Inc., 713 F.3d 662, 664 n.2 (1st Cir. 2013). "It can also take the form of multiple counts against multiple defendants 'without adequately delineating which allegations of fact support each distinct cause of action.'" K.B. v. Intern-Continental Hotels Corp., 2020 WL 8674188, at *8 (D.N.H. 2020 Sept. 28, 2020) (quoting Jones Creek Inv'rs, LLC v. Columbia Cty., Ga., 2011 WL 7446782, at *2 (S.D. Ga. Dec. 9, 2011)). These types of pleadings are disfavored because they "put[] the onus on the court to 'cull through the allegations, identify the claims, and, as to each claim identified, select the allegations that appear

3

to be germane to that claim.'" Id. (citing Ledford v. Peeples, 657 F.3d 1222, 1239 (11th Cir. 2011)).

However, courts within this Circuit are generally reluctant to dismiss complaints on shotgun pleading grounds unless they find that the complaint was "'calculated to confuse the 'enemy' and the court'" by conflating various theories of relief" or otherwise renders it impossible for a defendant to respond to the allegations because, for example, it alleges "'**multiple claims against multiple defendants** without specifying which of the defendants are responsible for which acts or omissions.'" Perrot v. Kelly, 2023 WL 2939277, at *15 (D. Mass. Feb. 15, 2023) (quoting Weiland v. Palm Beach County Sherriff's Office, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015)) (emphasis added); see also Intern-Continental Hotels Corp., 2020 WL 8674188 at *8 (denying motion to dismiss on shotgun pleading grounds because "[w]hile the complaint here is hardly a model of conciseness, the court does not find that it is calculated to confuse the defendants or the court") (citing Gonzalez-Camacho v. Banco Popular de Puerto Rico, 318 F. Supp. 3d 461, 475 (D.P.R. 2018)); MacKenzie v. Pfizer, Inc., 2021 WL 7451166, at *4-5 (D. Mass. Jan. 11, 2021) (denying motion for a more definite statement on shotgun pleading grounds because the complaint "d[id] not contain such extraneous material as to render it impossible for the defendants to answer the FAC").[1]

---

[1] Critically, Weiland, an Eleventh Circuit decision which some courts within the First Circuit have looked to in defining the parameters of a shotgun pleading "identified four rough types or categories of shotgun pleadings", none of which describe Plaintiffs' complaint. 792 F.3d at 1321. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.

4

Here, Plaintiffs' complaint is clearly not one designed to "overwhelm defendants with an unclear mass of allegations." Saad Maura v. Scotiabank Puerto Rico, 2019 WL 13205043, at *17 (D.P.R. Sept. 30, 2019) (quoting BKK Tobacco & Foods LLP v. Skunk Inc., 2019 WL 1921594, at *5 (D. Ariz. Apr. 30, 2019)). Plaintiffs have brought a single count of discrimination that is, at heart, rooted in the discriminatory termination of Plaintiffs' and other class members' employment (and to a lesser extent Defendants' discriminatory treatment thereof prior to their termination) against three CVS entities, all of which share the same corporate address and registered agent for process. (Dkt. 1 ¶¶ 10-12, 41-42.) Plaintiffs have effectively alleged that these three Defendants were acting as one entity that jointly employed Plaintiffs and the class members and engaged in discriminatory conduct against them.[2] (Dkt. 1 ¶¶ 13-15, 19.) This much

---

Fourth, and finally, **there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions**, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321–23 (emphasis added).

    As discussed above, Plaintiffs' complaint asserts a single cause of action against multiple related defendants. This type of complaint is permissible. See Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2020) ("The fact that defendants are accused collectively does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct.").

[2]    To the extent that the Court requires Plaintiffs to affirmatively plead a joint employment relationship, it should allow Plaintiffs to amend their Complaint. Relatedly, courts have held that the determination of a joint employer relationship involves a fact-intensive analysis that is not appropriate for the motion to dismiss stage. See Hayes v. Waddell & Reed, Inc., 2013 WL 5434139, at *9 (W.D. Pa. Sept. 26, 2013) ("[W]hen the [joint] employment relationship is ambiguous or uncertain, such a fact-intensive analysis is essential, and the plaintiff's claims should not be dismissed at the pleading stage.") (citing Graves v. Lowery, 177 F.3d 723, 729 (3d Cir. 1997)); see also Copper v. Cavalry Staffing, LLC, 132 F. Supp. 3d 460, 464–56 (E.D.N.Y. 2015) (noting the fact-intensive character of joint employment and denying Enterprise Holdings' motion to dismiss on the basis of joint employment); Federman v. Bank of America, N.A., 2014 WL 12774688, at *5-6 (D.N.J. Dec. 16, 2014) (noting that "[a]n inquiry into whether an entity may appropriately be considered a 'joint employer' is a fact-intensive one" and denying defendant's motion to dismiss); Tapia v. Green Earth Environmental, Inc., 2009 WL 10669026, at *1 (S.D. Fla. Oct. 2 2009) ("Given plaintiff's allegations and the fact-intensive nature of the joint employment inquiry, dismissal of plaintiff's claim against [defendant] prior to the conduct

should suffice at the pleadings stage, and any questions regarding the Defendants' corporate structure and particular relationship to one another should be properly reserved for discovery.

At any rate, even if this Court determines that Plaintiffs' Complaint is indeed an impermissible shotgun pleading, that is not enough to warrant dismissal. See Millennium Laboratories of California, Inc., 713 F.3d at 664 n.2 ("[U]nless none of the multiple claims alleged in a single count assert a ground for subject matter jurisdiction, the 'shotgun' nature of the pleading on its own cannot serve as a basis for granting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).") (citing Ledford v. Peeples, 605 F.3d, 871 892 (11th Cir. 2010), vacated on other grounds, 657 F.3d 1263 (11th Cir. 2011) ("When faced with a complaint [that lumps multiple claims together in one count, and] in which the counts incorporate by reference all previous allegations and counts, the district court must cull through the allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claim. This task can be avoided if the defendant moves the court for a more definite statement or if the court, acting on its own initiative, orders a repleader."); Kuehl v. FDIC, 8F.3d 905, 908 (1st Cir. 1993) ("Our federal rules promote the disposition of claims on the merits rather than on the basis of technicalities, and courts should be reluctant to impose a dismissal with prejudice for a rules violation that is neither persistent nor vexatious, particularly without some review of the merits.") (internal citation omitted)); see also In re Shove, 638 B.R. 1, 12 (1st Cir. 2022) ("'shotgun' argument for dismissal [was] easily dispatched" where party "fail[ed] to explain his own failure to heed the First Circuit's further admonition that such pleading deficiencies are better addressed in a motion for a more definite statement under Rule 12(e).") (internal citation

---

of further discovery would be inappropriate."); Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 76 n.13 (2d Cir. 2003) (noting the "fact-intensive character of the joint employer inquiry").

6

omitted). As CVS appears to recognize in its own motion to dismiss (CVS's Mot. at p. 2 n.1, Dkt. 13.), "a pleading deficiency is usually addressed by motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e)." Millennium Labs. Of Cal., Inc., 713 F.3d at 664 n.2. Thus, to the extent this Court finds that Plaintiffs have filed a shotgun pleading, it should order Defendants to file a motion for a more definite statement rather than dismiss the Complaint in its entirety.[3]

### b. Plaintiffs Have Properly Exhausted Their Administrative Remedies

As Defendants correctly recognize, Plaintiffs filed their EEOC charges on November 2, 2022. (CVS's Mot. at p. 5, Dkt. 13.) That date was well within the EEOC's 300-day charge filing requirement for alleging a claim of discrimination based on Defendants' unlawful termination of Plaintiffs' and other class members' employment between May and June 2022, which is the crux of the complaint.[4] (Dkt. 1 ¶¶ 31-36.) Thus, any claim rooted in Plaintiffs' termination should not be dismissed.

---

[3] If the Court ultimately decides that dismissal is warrant, Plaintiffs request leave to amend. See Currier v. Town of Gilmanton, 2019 WL 3779580, at *4 (D.N.H. Aug. 12, 2019) ("[T]he court dismisses the complaint, but grants plaintiffs leave to file an amended complaint.").

[4] To the extent that other class members are located in non-deferral states or have not brought a charge of discrimination at all, those class members can "piggyback" onto Plaintiffs' EEOC charges under the "single filing rule", which "allows a litigant to vicariously exhaust by relying upon a timely administrative complaint filed by another, similarly-situated plaintiff." Perez-Abreu v. Metropol Hato Rey LLC, 5 F.4th 89, 90 (1st Cir. 2021). Plaintiffs' EEOC charges state unequivocally that they "bring this charge on behalf of myself and other consultants for CVS who were laid off on the basis of our race and gender." (Exhibits A & B to CVS's Mot., Dkts. 14-1 & 14-2) Thus, "the underlying administrative complaint[s] contain some allegation of discriminatory impact beyond the interests of the complainant" because they allege "intimations of class-wide discrimination" and may therefore support piggybacking of similarly situated class members. Id. (citing Greene v. City of Boston, 204 F. Supp. 2d 239, 244 (D. Mass. 2002)); see also Howlett v. Holiday Inns, Inc., 49 F.3d 189, 194 (6th Cir. 1995) ('[C]ourts have regularly held that the timely filing of an administrative charge by a named plaintiff in a class action satisfied the charge filing obligation of all members of the class.'") (quoting Tolliver v. Xerox Corp., 918 F.2d 1052, 1056 (2d Cir. 1990)).

Furthermore, to the extent that any of Plaintiffs' other allegations regarding Defendants' discriminatory conduct *prior to* the class members' termination pre-date January 6, 2022, Plaintiffs may still bring a claim based on those allegations under the "continuing violation" doctrine. See generally National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). The continuing violation doctrine enables a plaintiff to "obtain recovery for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations period." Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 130 (1st Cir. 2009). Although "the doctrine does not apply to 'discrete acts' of alleged discrimination that occur on a 'particular day' … [such as] a termination, a refusal to transfer, or a failure to promote" it does apply to "discriminatory conduct that takes places 'over a series of days or perhaps years.'" Id. (quoting Morgan, 536 U.S. at 115). "The classic example of a continuing violation is a hostile work environment, which 'is composed of a series of separate acts that collectively constitute one unlawful employment practice.'" Id. That is precisely what Plaintiffs have alleged in their complaint: that Plaintiffs and class members were repeatedly, over the course of their time working for CVS, subject to disparate treatment on account of their race, including by being routinely excluded from meetings in which work opportunities were presented, and that Defendants' discriminatory conduct culminated in Plaintiffs' and class members' termination. (Dkt. 1 ¶¶ 28-36.) For that reason, the Court should not at this stage limit Plaintiffs and class members to recovering damages only for acts of discrimination occurring on or after January 6, 2022.

### c. Defendants' Motion to Dismiss (Or Strike) the Class Allegations Are Premature

Defendants have also taken the unusual step of moving to dismiss Plaintiffs' class allegations in this matter even before the parties have engaged in discovery and before Plaintiffs have moved for class certification on the basis that Plaintiffs have allegedly failed to "plead facts

8

supporting a plausible inference that Rule 23(a)(1)'s numerosity requirement is satisfied." (CVS's Mot. at p. 6, Dkt. 13.) The Court should reject Defendants' premature and incorrect arguments.

An effort to dismiss class allegations contained in a pleading under Rule 12(b)(6) is effectively a motion to strike under Rule 12(f). See McIntyre v. RentGrow, Inc., 2019 WL 3494343, at *3 (D. Mass. Aug. 1, 2019) ("At the motion to dismiss stage, when class allegations are challenged, the 'question before the Court … is not whether the class should be certified, but whether the class allegations should be stricken.'") (quoting Bearbones, Inc. v. Peerless Indem. Ins., 2016 WL 5928799, at *9 (D. Mass. Oct. 11, 2016)); Bessette v. Avco Financial Services, Inc., 279 B.R. 442, 450 (D.R.I. 2002) ("For purposes of a motion to strike class allegations, asserted prior to any discovery on the matter, this Court will employ the standard set forth in FRCP 12(b)(6), reviewing this motion as if it were a motion to dismiss."). Whether couched as a motion to strike or a motion to dismiss, these types of arguments are highly disfavored at the pleading stage. See Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013) ("[C]ourts have repeatedly emphasized that striking class allegations under Rule 12(f) 'is … disfavored because it requires a reviewing court to preemptively terminate the class aspects of … litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery as to which they would otherwise be entitled on questions relevant to class certification.'") (quoting Mazzola v. Roomster Corp., 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012)); Rosenberg v. LoanDepot.com LLC, 435 F. Supp. 3d 308, 318 (D. Mass. 2020) ("Pre-discovery motions to strike are, however, disfavored and … [a]s a result, allowing such a motion is uncommon[.]"); O'Leary v. New Hampshire Boring, Inc., 176 F. Supp. 3d 4, 12–13 (D. Mass. 2016) ("[E]ven accepting that the Court may in its discretion rule on a motion to strike or dismiss

at this point, such motions are 'disfavored' and not 'calculated readily to invoke the Court's discretion.'") (internal citation omitted); see also Cruz v. Sky Chefs, Inc., 2013 WL 1892337, at *5 (N.D. Cal. May 6, 2013) ("Rule 12(b)(6) is not the appropriate vehicle to challenge class allegations.") (citing Clerkin v. MyLife.Com, 2011 WL 3809912, at *13 (N.D. Cal. Aug. 29, 2011). "Accordingly, a court should typically await the development of a factual record before determining whether the case should move forward on a representative basis." Manning, 725 F.3d at 59.

Regardless, even if the Court considers Defendants' arguments, they still fail. "When evaluating a motion to strike allegations of a complaint, the court must accept as true all factual allegations in the complaint and view all reasonable inferences in the light most favorable to Plaintiffs, just as on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." Andrews v. Home Depot U.S.A., Inc., 2005 WL 1490474, at *2 (D.N.J. June 23, 2005); see also Bessette, 279 B.R. at 450 (noting that motions to strike or dismiss class allegations must be evaluated under "the standard of review for a 12(b)(6) motion to dismiss") (citing Walls v. Wells Fargo Bank, N.A., 262 B.R. 519, 524 (Bankr. E.D. Cal. 2001)).

Here, Plaintiffs have plainly alleged that at least 36 individuals, half of whom were not of South Asian descent, worked as QA Consultants and 14 of those non-South Asian individuals were laid off between late May and early June 2022. Discovery, which has not even begun, will likely reveal the existence of others who were either laid off during that particular period or subsequent to it. See Bessette, 279 B.R. at 451–52 ("This Court will not engage in fact-finding prior to discovery. … At this point, there is no basis to conclude that the class consists of only a handful of possible plaintiffs whose factual scenarios could never be suitable for class action."). Moreover, as Defendants appear to acknowledge (CVS's Mot. at p. 7, Dkt. 13), courts around the

10

country have clarified that "there is no specific threshold that must be surpassed in order to satisfy the numerosity requirement[.]" Moore, 926 F. Supp. 2d at 27-28; see also Bert v. AK Steel Corp., 2006 WL 1071872, *5 (S.D. Ohio Apr. 24, 2006) ("There is no hard and fast rule about the number of potential class members required for certification. Classes as small as 17 identified individuals have been certified.") (citing Afro-American Patrolmens League v. Duck, 503 F.2d 294, 298 (6th Cir. 1974)).[5] Rather, a "determination of whether a class action is appropriate because joinder is impractical 'depends on all of the circumstances surrounding a case not on mere numbers.'" Gulino v. Board of Educ. of City School Dist. Of City of New York, 2013 WL 4647190, at *5 (S.D.N.Y. Aug. 29, 2013) (quoting Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993)). Accordingly, drawing all inferences in Plaintiffs' favor, it is clear they have adequately plead the class claims and the Court should not consider this issue until Plaintiffs file a motion for class certification following sufficient discovery to address the Rule 23 factors.

---

[5] Indeed, Courts around the country have routinely certified classes of 20 or fewer individuals. See, e.g., AK Steel Corp., 2006 WL 1071872, at *5 (certifying class of 16 unsuccessful minority job applicants); Paxton v. Union Nat. Bank, 688 F.2d 552, 561 (8th Cir. 1982) (certifying class of 18 members); Arkansas Ed. Ass'n v. Bd. of Ed. of Portland, Ark. Sch. Dist., 446 F.2d 763, 764–65 (8th Cir. 1971) (approving class of 20 members); Grant v. Sullivan, 131 F.R.D. 436, 446 (M.D. Pa. 1990) (a court "may certify a class even if it is composed of as few as 14 members"); Gaspar v. Linvatec Corp., 167 F.R.D. 51, 56–57 (N.D. Ill. 1996) (finding that plaintiff's proposed class of 18 satisfied numerosity requirement); Cross v. National Trust Life Ins. Co., 553 F.2d 1026, 1030 (6th Cir. 1977) (approving seven-member class); Bruce v. Christian, 113 F.R.D. 554, 557 (S.D.N.Y. 1986) (numerosity found even though plaintiffs could identify only 16 class members in action brought by present and future tenants of housing authority where other individuals would be affected in the future); Dale Elecs., Inc. v. R.C.L. Elecs., Inc., 53 F.R.D. 531 (D.N.H. 1971) (certifying class with 13 members); Rex v. Owens ex rel. State of Okl., 585 F.2d 432, 436 (10th Cir. 1978) ("Class actions have been deemed viable in instances where as few as 17 to 20 persons are identified as the class."); Cypress v. Newport News General and Nonsectarian Hospital Assoc., 375 F.2d 648, 653 (4th Cir. 1967) (certifying class of 18 people).

Finally, even though Plaintiffs' Complaint is more than adequate at the pleading stage, if the Court has any concerns about the allegations in the complaint, Plaintiff should be freely granted leave to amend under Rule 15(a). See, e.g., Norris v. Moroney, 2022 WL 15523478, at *1 (D. Mass. Oct. 27, 2022).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss Plaintiffs' Complaint.

Dated:  July 21, 2023

Respectfully submitted,

CECILIA SOGBUYI-WHITNEY and ALIZA WHITESIDE, individually and on behalf of others similarly situated,

/s/ _Matthew P. Carrieri_____
Harold Lichten, *pro hac vice* anticipated
Adelaide H. Pagano, *pro hac vice*
Matthew P. Carrieri, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
apagano@llrlaw.com
mcarrieri@llrlaw.com

Peter N. Wasylyk Esq., (RI Bar #3351)
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Tel: 401-831-7730
pnwlaw@aol.com

*Attorneys for Plaintiffs
and the Proposed Class*

**CERTIFICATE OF SERVICE**

This hereby certifies that on this 21st day of July, 2023, a true and accurate copy of the above document was filed with the Court via CM/ECF system, which will send e-mail notification of such filing to all attorneys of record.

/s/ _Matthew P. Carrieri_____
Matthew P. Carrieri, *pro hac vice*