## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CECILIA SOGBUYI-WHITNEY and ALIZA WHITESIDE, individually and on behalf of all other similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>CAREMARK PHC LLC, CVS HEALTH SOLUTIONS LLC, and CORAM ALTERNATE SITE SERVICES INC.,<br><br>        Defendants. | Case No. 1:23-cv-00055-MSM-LDA |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**I.    INTRODUCTION**

Plaintiffs' opposition brief does little to address Defendants' motion to dismiss head on. It fails to meaningfully engage Defendants' arguments as to why the Complaint is an impermissible shotgun pleading. It fails to rebut, with applicable authority, that Plaintiffs' claims were, at least in part, not adequately exhausted. And it fails—because it cannot—to explain why Plaintiffs' self-defeating allegations on numerosity should not mark the end of their futile class claims. Plaintiffs' effort to sidestep Defendants' arguments , and their own allegations, however, cannot save their claims from dismissal.

**II.    DISCUSSION**

    **A.    Plaintiffs' Effort to Amalgamate the Defendants, Without Specifying Which Allegations Concern Which Specific Defendant, Result in a Shotgun Pleading.**

Plaintiffs' attempt to avoid dismissal for shotgun pleading by arguing that (1) all three defendants are joint employers of Plaintiffs and (2) their pleading deficiency should be addressed

by a motion for a more definite statement under Fed. R. Civ. P. 12(e). Neither contention undercuts the arguments in Defendants' Motion.

> 1. *Plaintiffs Cannot Bypass Their Obligation to Plead Specific Facts as to Each Defendant by Hiding Behind a "Joint Employment" Theory.*

Plaintiffs first argue that they have not filed a shotgun pleading because they brought a single-count discrimination claim *against three CVS entities*.[1] (Dkt. 21, at 5). Yet, that is the exact problem with Plaintiffs' Complaint. They have sued three separate Defendants for the same acts, implicitly claiming that the three Defendants were joint employers of the Plaintiffs, while failing to identify the specific acts of each Defendant that would plausibly suggest that they are joint employers, as a matter of law. Instead, to prevent any reasoned analysis of each Defendant, Plaintiffs consistently reference "Defendants" throughout the Complaint, even when doing so leads to illogical results. For example, to the extent Plaintiffs contend that comparators were chosen for specific openings that Plaintiffs were not, it simply cannot be true that all three entities were simultaneously the hiring entity. (Dkt. 1, at ¶¶ 3, 27). Similarly, although the Complaint references Revathi Murthy as an alleged discriminatory actor, Murthy could not have been a direct employee of all three different entities at once. (Dkt. 1, at ¶ 36). This type of pleading practice—and the lack of clarity it engenders—is precisely why shotgun complaints are impermissible. *See*, *e.g.*, *Rodriguez-Santiago v. Puerto Rico*, No. CIV. 09-1645CCC, 2011 WL 6046606, at *2 (D.P.R. Nov. 30, 2011) (dismissing complaint as "classic example" of shotgun pleading where plaintiffs brought claims against "multiple defendants without specifying the liability or actions of each defendant").

---

[1] In the same breath, Plaintiffs acknowledge they did not explicitly plead a joint employment relationship between those entities. (Dkt. 21, at n.2.)

Plaintiffs make no effort to explain how the Complaint could remotely support a joint employment theory with facts specific to *each* Defendant. That is because they cannot. Instead, they argue that joint employment is a "fact-intensive inquiry." Again, however, that is the very problem with Plaintiffs' pleading. Despite that joint employment is a "fact-intensive" inquiry, Plaintiffs pleading precludes this Court from determining which, if any of the pled facts, are attributable to each Defendant *individually*. The fact that a legal issue may ultimately be fact-intensive does not absolve Plaintiffs from pleading sufficient facts as to each Defendant that meet *Twombly*'s plausibility threshold. *See*, *e.g.*, *Mack v. Aspen of DC, Inc.*, 248 F. Supp. 3d 215, 220 (D.D.C. 2017) (dismissing Title VII claims where plaintiff failed to allege sufficient facts on a joint employment relationship, while acknowledging the "joint employment test is a fact-intensive inquiry"). Because Plaintiffs failed to do that, their Complaint must be dismissed as a shotgun pleading. *Saad Maura v. ScotiaBank P.R.*, No. 17-2263 (DRD), 2019 WL 13205043, at *17 (D.P.R. Sept. 30, 2019) (holding a shotgun pleading "breaches the pleading standards set forth in Twombly as to Rule 12(b)(6) and Rule 8").

   2.   *Defendants Do Not Oppose Dismissal with Leave to Replead.*

Seemingly hoping to avoid their pleading deficiency on procedural grounds, Plaintiffs next argue that the pleadings should instead have been addressed with a motion for a more definite statement under Rule 12(e). But that ignores that Defendants' motion explicitly noted that, should the court be disinclined to entertain the argument on 12(b)(6) grounds, it should treat the motion as one under Rule 12(e).[2] (Dkt. 13 n.1.)

---

[2] District courts often sua sponte require repleader before dismissing a case with prejudice on non-merits shotgun pleadings grounds. *See*, *e.g.*, *McDonough v. City of Homestead, Fla.*, No. 22-12637, 2023 WL 3035215, at *2 (11th Cir. Apr. 21, 2023).

3

While the primary case Plaintiffs cite in their Opposition on the shotgun pleadings argument was decided under Rule 12(b)(1) (Dkt. 21, at 6)—and thus is of dubious applicability to a 12(b)(6) motion—the issue is largely semantic. Defendants have not asked this court for a dismissal with prejudice. Nor do Defendants oppose that Plaintiffs be granted leave to amend their Complaint to properly plead facts as to each Defendant—assuming, of course, they can do so in good faith. Thus, Plaintiffs' argument is not a legitimate ground for avoiding their pleading defects.

### B.     Plaintiffs Failed to Properly Exhaust Administrative Remedies as to all Claims Pled in the Complaint.

Next, any Title VII claims that Plaintiffs allege arose prior to January 6, 2022, must be dismissed because Plaintiffs reside in non-deferral states and failed to sufficiently plead facts to implicate the continuing violation doctrine.[3] In order to show a continuing violation, Plaintiffs in their Complaint, must: (1) show a present violation of Title VII—that is, a violation for which they have filed a timely complaint—and (2) demonstrate that the present violation is part of a continuing discriminatory course of conduct, and that those allegedly discriminatory acts that were not timely raised with the EEOC were part of the same course of conduct. *Neves v. Kolaski*, 602 F. Supp. 645, 653 (D.R.I. 1985). Plaintiffs, however, have not pled *any facts* plausibly suggesting that any alleged pre-January 6, 2022 conduct was part of continuing course of conduct. *See, e.g.*, *Williams*

---

[3] Plaintiffs incorrectly argue that other putative class members who have not timely exhausted administrative remedies can "piggyback" onto Plaintiffs' EEOC charges under the single filing rule. In the main case Plaintiffs cite, the First Circuit Court of Appeals declined to adopt "any version of the single filing rule" (including declining to adopt the rule from the *Greene* case cited by Plaintiffs) but noted that the single filing rule "allows a litigant to vicariously exhaust by relying upon a timely administrative complaint filed by another, similarly-situated plaintiff." *Perez-Abreu v. Metropol Hato Rey LLC*, 5 F.4th 89, 90-95 (1st Cir. 2021) (emphasis added). Plaintiffs do not allege any facts regarding whether they are similarly situated, and thus, the single filing rule cannot save their Title VII claims from dismissal for failure to exhaust administrative remedies. Further, the EEOC filing deadline is strict. *See*, *e.g.*, *Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino*, 410 F.3d 41, 44 (1st Cir. 2005) (holding that claims filed with the EEOC 23 and 32 days past the filing deadline were time-barred).

*v. Astra USA, Inc.*, 68 F. Supp. 2d 29, 34 (D. Mass. 1999) (granting former employer's motion to dismiss Title VII claims where employee did not "allege with sufficient specificity and detail that a particular discriminatory policy or practice engaged in by [the employer] continued into, and was in force during, the limitations period."). For example, they made no allegations that any individual who allegedly engaged in pre-January 6, 2022 conduct engaged in timely-raised post-January 6, 2022 conduct. Nor do they allege that the same decisionmaker allegedly discriminated against them and all putative class members; as a result, their Title VII claims prior to January 6, 2022 must be dismissed. *See Nichols v. Mineta*, 26 Fed.Appx. 729, 733 (9th Cir. 2002) (holding that where alleged discriminatory decisions were not made by the same supervisors and there was no evidence to show coordination with those supervisors, the decisions were not "sufficiently related to support an allegation of continuing violation"); *see also Rodriguez v. Santiago*, 11 F. Supp. 3d 37, 45 (D.P.R. March 31, 2014) (holding that claims filed with the EEOC 43 days past the filing deadline were time-barred).

    **C.**  **Plaintiffs Fail to Address Their Self-Defeating Allegations on Numerosity.**

Plaintiffs' arguments in opposition to the dismissal of their class claims ignore a wealth of authority and the reality of their own allegations.

*First*, contrary to Plaintiffs suggestion, courts regularly dismiss facially inadequate class allegations under Rule 12(b)(6). *See, e.g., Roberson v. Danny Ontiveros Trucking*, No. CV-F-08-0552 LJO SMS, 2008 WL 4809960, at * (E.D. Cal. Nov. 3, 2008) (dismissing class allegations under 12(b)(6) on numerosity grounds when the "total number of potential class members [was]

5

12"). Plaintiffs make no effort to address the cases cited by Defendants, or to explain why class allegations would be exempted from the pleading requirements outlined in *Twombly*.[4]

*Second*, although Plaintiffs' allegations are insufficient to meet *Twombly*'s pleading standard, they are also self-defeating. For example, as to their termination-based claims, Plaintiffs acknowledge that 14 individuals were "laid off." (Dkt. 21, at 10.) As to their meetings-based claims, Plaintiffs admit that the "exact number of members of the class is unknown." (Dkt. 1 ¶ 38(a).) Plaintiffs attempt to side-step that shortcoming by stating that "at least 36 individuals . . . worked as QA Consultants" (Dkt. 21, at 10) But the number of "QA Consultants" says nothing about the number of putative class members. Indeed, the central conceit of Plaintiffs' Complaint is that the putative class members were treated differently than other Indian/South Asian QA Consultants.[5] And Plaintiffs admit that "half of the QA Consultants were not of South Asian descent." (Dkt. 21, at 10) Thus, both the Complaint and Opposition admit that the putative termination-based class (as defined) is only *at most* 14 and the meeting-related class (as defined) is only approximately 18 individuals, which again both fall well short of permitting an inference of numerosity. *See McKnight v. Honeywell Safety Prod. USA, Inc.*, No. CV 16-132ML, 2016 WL 8310381, at *2 (holding that 20 individuals is "simply not enough"). Notably, none of the cases Plaintiffs cite purportedly allow classes of less than twenty are from the First Circuit, and the cases rely on facts that are not alleged here, such as geographical dispersal of putative class members. Additionally, Plaintiffs, in their brief, do nothing to contest the descriptions of the allegations set forth in Defendants' Motion to Dismiss – because they obviously can't. And although there are

---

[4] Plaintiffs cite cases discussing Rule 12(f), and while it may be true that class allegations may be stricken under Rule 12(f) in certain circumstances, Defendants filed their Motion to Dismiss under Rule 12(b)(6), not Rule 12(f).

[5] Plaintiffs do not claim that women were excluded from the meetings, but even if they had, they presented no allegations suggestive of numerosity on that ground.

cases in the First Circuit that say there is no magic number for numerosity, those cases hold that plaintiffs must provide sufficient evidence that the "proposed class is 'so numerous that joinder of all members is impractical,'" which Plaintiffs fail to do. *Savage v. City of Springfield*, No. 3:18-CV-30164-KAR, 2022 WL 2758475, at *9-10 (D. Mass. July 14, 2022) (quoting Rule 23(a)(1)).

To the extent Plaintiffs suggest that their pleading deficiencies should be ignored so that they may conduct discovery to assess whether there's any basis for a claim of numerosity, they ignore virtually every pleading principle outlined by the Supreme Court in *Twombly* and *Iqbal*. *See, e.g.*, *Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61, 66 (N.D.N.Y. 2008) ("To avoid dismissal of the putative class claim on a Rule (b)(6) motion, Plaintiff['s] allegations must address the four prerequisites for a class action specified in Rule 23(a)."); W*alker v. Apex Wind Const. LLC*, No. CIV-14-914-D, 2015 WL 348778, at *6 (W.D. Okla. Jan. 26, 2015) (holding that "a conclusory allegation that '[t]he members of the class are so numerous that joinder of all the individual members is impracticable'" does not suffice). Plaintiffs were required to plead specific facts plausibly permitting an inference of numerosity, and they did not. Simply put, based on the allegations in the Complaint, there is no basis for concluding that a plausible class claim exists. *See, e.g.*, *Bessette v. Avco Financial Services, Inc.*, 279 B.R. 442, 450 (D.R.I. 2002) (holding that under the standard of review for a 12(b)(6) motion to dismiss, it is "appropriate to dismiss for failure to properly allege facts sufficient to make out a class or that plaintiff could establish no facts to make out a class").

### III. CONCLUSION

For the reasons set forth above and in Defendants' Motion to Dismiss, Defendants request that their motion be granted in full.

Respectfully submitted this 22nd day of September, 2023.

By: */s/ James J. Swartz, Jr.*
Sara E. Sweeney
James J. Swartz, Jr. (pro hac vice)
Andrew M. McKinley (pro hac vice)
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
ssweeney@seyfarth.com
jswartz@seyfarth.com
amckinley@seyfarth.com

*Attorney for Defendants Caremark PhC, L.L.C., CVS Health Solutions LLC, and Coram Alternate Site Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT was electronically filed with this Court via CM/ECF on the September 22, 2023, which serves a copy of the same on all counsel of record.

*/s/ James J. Swartz, Jr.*
James J. Swartz, Jr.