UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CECILA SOGBUYI-WHITNEY and ALIZA WHITESIDE, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>CAREMARK PHC LLC, CVS HEALTH SOLUTIONS LLC, CORAM ALTERNATE SITE SERVICES INC.,<br>    Defendants. | C.A. No. 23-cv-00055-MSM-LDA |

**MEMORANDUM AND ORDER**

Mary S. McElroy, United States District Judge.

The plaintiffs, Cecilia Sogbuyi-Whitney and Aliza Whiteside, filed this action on behalf of themselves and all others similarly situated, alleging that they were terminated or otherwise discriminated against on account of their race, color, national origin, or gender and seek relief pursuant to Title VII of the Civil Rights Act of 1964. Before the Court is the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of the defendants, Caremark PhC LLC, CVS Health Solutions LLC, and Coram Alternate Site Services, Inc. (ECF No. 13.)

I.  **BACKGROUND**

The named plaintiffs, Ms. Sogbuyi-Whitney and Ms. Whiteside were Quality Assurance Consultants ("QAs") employed by Gardner Resources Consulting ("Gardner"), a staffing agency for IT and Life Sciences companies. As QAs, their job

duties primarily involved testing electronic medical recordkeeping systems. In the fall of 2021, Gardner arranged for Ms. Whiteside, Ms. Sogbuyi-Whitney, and others to assist CVS with the testing of its electronic medical recordkeeping systems. Ms. Whiteside and Ms. Sogbuyi-Whitney were paid by Gardner, but their work was directed by CVS employees who dictated what tasks they were assigned and how many hours they could bill per week. Ms. Whiteside and Ms. Sogbuyi-Whitney were issued CVS email addresses and had to enter their hours and the results of their work on CVS's internal systems for approval by both CVS and Gardner.

CVS divided the QAs, including Ms. Whiteside and Ms. Sogbuyi-Whitney, into five teams of as many as ten. All QAs performed the same primary job duties. CVS also assigned a team lead to each team; all five team leads were of Indian national origin or otherwise of South Asian ethnicity. Ms. Sogbuyi-Whitney and Ms. Whiteside are both Black women.

Ms. Sogbuyi-Whitney and Ms. Whiteside allege that over the course of their time working for CVS, the team leaders "routinely convened work meetings with team members of Indian national origin and/or South Asian descent … [where] Plaintiffs and other non-Indian/South Asian team members were excluded." (ECF No. 1 at 5.) Ms. Sogbuyi-Whitney and Ms. Whiteside allege that "[d]uring these meetings, team leaders frequently communicated work directions, decisions, and opportunities to the South Asian team members, from which Plaintiffs and other non-Indian/South Asian team members were excluded." *Id.* Despite assurances that their employment would last at least a year, Ms. Sogbuyi-Whitney, Ms. Whiteside,

2

and at least twelve other QAs were laid off between late May and early June 2022. *Id.* at 6.

Ms. Whiteside and Ms. Sogbuyi-Whitney allege that the exclusively South Asian team leads who had previously excluded them from work-related meetings were directed by CVS to personally select which individuals would be included in the layoffs. *Id.* They complain that the majority of the fourteen selected employees were Black, and none were of Indian or South Asian descent. *Id.* at 6. Ms. Whiteside and Ms. Sogbuyi-Whitney now sue alleging that they and others similarly situated were excluded and ultimately terminated because of their protected characteristics.

## II.   DISCUSSION

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if the complaint fails to satisfy Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "short and plain" statement must provide a defendant with "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. To show an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*; *see also Iqbal*, 556 U.S. at 679.

The defendants move to dismiss on three grounds. *First*, the defendants argue that "Plaintiffs' Complaint is a shotgun pleading that impermissibly lumps together all Defendants without differentiation, and thus violates Federal Rule of Civil

3

Procedure 8(a)." (ECF No. 13 at 1.) *Second*, the defendants assert that "Plaintiffs failed to properly exhaust several of their now-pled claims." *Id.* *Finally*, the defendants argue that "Plaintiffs' class allegations must be dismissed because Plaintiffs' allegations not only fail to permit a plausible, non-speculative inference that Rule 23's numerosity requirement may be satisfied, but in critical respects preclude such an inference." *Id.* In this case, none of these arguments provide ground for dismissal.

### A. Shotgun Pleading

The defendants argue that "[a]s an initial matter, Plaintiffs' Complaint is due to be dismissed, in its entirety, because it is impermissible shotgun pleading." (ECF No. 13 at 2.) A "shotgun pleading" is a "pleading that fails to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading." *U.S. ex rel. Est. of Cunningham v. Millennium Lab. of Cal., Inc.*, 713 F.3d 662, 664 n.2 (1st Cir. 2013). "It [often takes] the form of multiple counts against multiple defendants without adequately delineating which allegations of fact support each distinct cause of action." *K.B. v. Intern-Cont'l Hotels Corp.*, 2020 WL 8674188, at *8 (D.N.H. Sept. 28, 2020). Shotgun pleading is generally disfavored because it "puts the onus on the court to cull through the allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to that claim." *Id.*

Although shotgun pleading is disfavored, courts within the First Circuit have routinely denied motions to dismiss complaints on shotgun pleading grounds unless they find that the complaint was "calculated to confuse the enemy and the court."

*See, e.g.*, *Perrot v. Kelly*, 2023 WL 2939277, at *15 (D. Mass. Feb. 15, 2023). A complaint may be calculated to confuse when it intentionally "conflat[es] various theories of relief" or otherwise renders it impossible for a defendant to respond to the allegations. *Id.* Here, the Complaint is clearly not one designed to "overwhelm defendants with an unclear mass of allegations." *Saad Maura v. Scotiabank P. R.*, 2019 WL 13205043, at *17 (D.P.R. Sept. 30, 2019). Ms. Whiteside and Ms. Sogbuyi-Whitney have brought a single count of discrimination against three CVS entities on behalf of themselves and others similarly situated. Because the Complaint was not designed to overwhelm or confuse the defendants, dismissal of the Complaint as shotgun pleading is inappropriate.[1]

## B. Exhaustion

The defendants allege that Ms. Sogbuyi-Whitney and Ms. Whiteside failed to properly exhaust their Title VII claim. *See, e.g.*, *Proper a Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005) ("[I]n a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door."). Exhaustion has two key components: the timely filing of a charge with the Equal Employment Opportunity Commission ("EEOC") and the receipt of a right-to-sue letter from the

---

[1] The defendants alternatively request that if this Court does not dismiss the matter pursuant to Rule 12(b)(6), that the Court order the plaintiffs to file a more definite statement pursuant to Rule 12(e). (ECF No. 13 at 1 n.1.) Because the Complaint does not contain "such extraneous material as to render it impossible for the defendants to answer," that request is denied. *See MacKenzie v. Pfizer, Inc.*, 2021 WL 7451166, at *4-5 (D. Mass. Jan. 11, 2021) (denying a motion for a more definite statement on shotgun pleading grounds).

agency. *Id*. Ms. Whitney and Ms. Whiteside filed charges with the EEOC on November 2, 2022. The defendants challenge the timeliness of those filings.

Both Ms. Sogbuyi-Whitney and Ms. Whiteside are residents of "deferral states," which allow 300 days from the date of an alleged discriminatory employment practice to file a charge with the EEOC. (ECF No. 13 at 5); *see, e.g.*, *Nelson v. Lockheed Missiles & Space Co.*, 131 F.3d 135, 135 (4th Cir. 1997) ("Normally, a plaintiff has only 180 days from the alleged discriminatory action to file a charge. However, in a deferral state, such as South Carolina, that time is extended to 300 days."). Both women filed charges with the EEOC on November 2, 2022. Based on this date, CVS alleges that their claims—and the claims of any putative class members—can only extend back *at most* to January 6, 2022.

While it is true that the failure to timely file a Title VII claim with the EEOC effectively bars the courthouse doors, to the extent that any of the plaintiffs' allegations regarding the defendants' discriminatory conduct pre-date January 6, 2022, the plaintiffs may still bring a claim based on those allegations under the "continuing violation" doctrine. *See generally Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). The continuing violation doctrine enables a plaintiff to "obtain recovery for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations period." *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 130 (1st Cir. 2009). Although "the doctrine does not apply to discrete acts of alleged discrimination that occur on a particular day … [such as] a termination, a

6

refusal to transfer, or a failure to promote" it does apply to "discriminatory conduct that takes places over a series of days or perhaps years." *Id.*

Ms. Whiteside and Ms. Sogbuyi-Whitney allege that non-South-Asian QAs were repeatedly, over the course of their time working for CVS, subject to discrimination on account of their protected characteristics, including by being routinely excluded from meetings in which work opportunities were presented, and that the defendants' discriminatory conduct culminated in their termination between May and June 2022. Because Ms. Whiteside and Ms. Sogbuyi-Whitney allege a continuing violation, the Court will not at this stage limit them to recovering damages only for conduct occurring on or after January 6, 2022.

## C.    Class Allegations

The defendants move to dismiss Ms. Sogbuyi-Whitney and Ms. Whiteside's class allegations. Motions to dismiss class allegations are highly disfavored at the pleading stage. *See Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) ("[C]ourts have repeatedly emphasized that striking class allegations … [is] disfavored because it requires a reviewing court to preemptively terminate the class aspects of … litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery as to which they would otherwise be entitled on questions relevant to class certification."). While this Court may, in its discretion, rule on a motion to dismiss class allegations at the pleading stage, because the plaintiffs have alleged that numerous employees were subject to discriminatory treatment during the relevant time period, dismissal of the class

allegations solely on the pleadings is inappropriate. *See O'Leary v. N.H. Boring, Inc.*, 176 F. Supp. 3d 4, 12–13 (D. Mass. 2016) ("[E]ven accepting that the Court may in its discretion rule on a motion to strike or dismiss at this point, such motions are disfavored and not calculated readily to invoke the Court's discretion.").

### III.  CONCLUSION

For all these reasons, the defendant's Motion to Dismiss (ECF No. 13) is DENIED.

IT IS SO ORDERED,

*[signature: Mary S. McElroy]*

_____
Mary S. McElroy
United States District Judge
January 29, 2024